IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01283-PSF-KLM

MARK JORDAN,

    Plaintiff,

v.

MARY H. SOSA, ADX Florence Acting Inmate Systems Manager;
ROBERT A. HOOD, ADX Florence Warden;
(FIRST NAME UNKNOWN) TUCKER, FCI Englewood Inmate Systems Officer;
ANGELA SHENK, FCI, Englewood Inmate Systems Manager;
J.L. NORWOOD, USP Victorville, Warden, in their individual and official capacities; and
W.A. SHERROD, FCI Englewood, Warden, in his official capacity,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter comes before the Court on several motions filed by plaintiff, Mark Jordan, an inmate at the Bureau of Prisons ("BOP") facility known as Admax located in Florence, Colorado. Plaintiff's complaint in this case challenges the constitutionality, both facially and as applied to plaintiff, of the Ensign Amendment, 28 U.S.C. § 530C(b)(6), and BOP regulations 28 C.F.R. s 240.72(a), which generally prohibit the introduction of sexually explicit material into a federal prison facility. Plaintiff seeks declaratory and injunctive relief. The matter is set for a two-day trial to the Court commencing March 3, 2008. This Order addresses the following motions.

    **1.    Plaintiff's Motion for Writ of Habeas Corpus (Dkt. # 117)**

Plaintiff requests that the Court order that plaintiff be present at person at the above scheduled trial, in part because he is representing himself and also so that he

may testify. Defendants oppose the writ on the grounds that transporting plaintiff to and from Florence, and housing him overnight in the Denver area is costly, and risky given plaintiff's inmate status. Plaintiff is presently serving a 420-month sentence for murder of a fellow inmate.

The Motion is DENIED, subject to the provisions below. The Court agrees that the risk of transporting and housing plaintiff is substantial and plaintiff's presence at the trial may otherwise be secured by videoconferencing facility. Provided the institution can assure the plaintiff's access to the Court via videoconferencing, there is no need for the issuance of the writ.

### 2. Plaintiff's Motion to Present Direct Testimony and In Narrative Form and Use Confidential Notes (Dkt. # 116)

Plaintiff's motion seeks to permit him, while representing himself, to testify in narrative form, as opposed to by question and answer. The defendants do not oppose this request, so it is GRANTED.

Plaintiff also requests to be permitted to use notes or an outline while presenting this testimony, much in the fashion of a counsel using notes at trial. The defendants oppose such request arguing that plaintiff's notes should be treated in accordance with the provisions of F.R.E. 612. The Court disagrees with the defendants, and exercises its discretion in advance of trial to grant plaintiff's request.

Given the nature of the issues presented in this case, it does not appear that the use of confidential notes by plaintiff while testifying, or presenting his case, will prejudice defendants. The matters at issue here do not implicate situations where contradictory testimony regarding factual matters is likely to be presented. Thus the

confidential use of notes by a witness is not likely to interfere with the "search for credibility," which is the stated purposes of disclosure under Rule 612.  *See* Advisory Committee Notes to Rule 612.

### 3. Plaintiff's Motion to Exclude Expert Testimony of Andres Hernandez and Joyce Conley (Dkt. # 119)

Plaintiff's motion seeks to preclude the above-named witnesses from testifying as experts because defendants have not provided him with the expert witness reports called for by F.R.Civ.P. 26(a)(2)(B).  The defendants assert that these two witnesses are not testifying experts within the meaning of that rule, although they are listed as experts in the Final Pretrial Order (Dkt. # 110 at 11).  Nonetheless, in its response to plaintiff's motion to exclude, the defendants agree to provide an expert report from each witness "specific to this case" within 30 days; to make these witnesses available for deposition by plaintiff; and to allow plaintiff additional time to designate rebuttal experts (Defendants' Response, Dkt. # 127, at 5).  The Court finds that such response is a reasonable resolution of this dispute and makes the following order to preserve the trial date.

The motion to exclude these two witnesses as experts is DENIED.  The defendants, however, are ordered to: 1) provide an expert report from each witness "specific to this case" within 30 days of this Order; 2) make these witnesses available for deposition by plaintiff at the Admax facility in Florence, Colorado within 20 days after the delivery of the expert reports, with the cost of the court reporter and the transcript of the depositions to be paid by the defendants.  In addition, plaintiff is allowed 20 days after the deposition of each witness to designate any rebuttal experts

and serve expert reports from any such rebuttal witness.  The Court reserves determination of whether any discovery may be taken by defendants if any rebuttal experts are designated.

### 4. Plaintiff's Second Motion to Exclude Expert Testimony of Andres Hernandez (Dkt. # 120)

Plaintiff's second motion seeks to exclude this expert due to the defendants' failure to timely provide him with "Exhibits 24 through 27" by October 1, 2007, as ordered by the Magistrate Judge at the pretrial conference held on September 6, 2007 (*see* minutes, Dkt. # 106, at 1-2).  As the Court understands the circumstances, these exhibits were listed in the proposed pretrial order by plaintiff as Exhibits 24 through 27 (*see* Dkt. # 105 at 13).  The exhibits described there appear to be academic articles discussing the psychological effects of pornography.  Apparently plaintiff did not have copies of the articles, and the Magistrate Judge ordered defendants to make copies available to him, or file a motion for protective order.  Unlike other exhibits which defendants were to produce to plaintiff's case manager only (*e.g.* Exhibits 36 through 39), these four exhibits (Exhibits 24 through 27) were to be produced to plaintiff.  *See* Dkt. # 105 at 2.

Defendants have not yet responded to plaintiff's second motion to exclude expert testimony.  Nonetheless, it appears that the defendants have failed to comply with the order of the Magistrate Judge.  Accordingly, defendants are directed to provide the documents listed as Exhibits 24 through 27 in the proposed pretrial order to plaintiff within 5 days of this Order.  The Court notes that plaintiff has also filed a motion for sanctions relating to the non-production of these documents (Dkt. # 121).  That motion

has been referred to the Magistrate Judge for determination.  This Order is not intended to affect the determination of that motion in any way.

**CONCLUSION**

Plaintiff's Motion for Writ of Habeas Corpus (Dkt. # 125) is DENIED subject to his being made available at trial via videoconferencing.

Plaintiff's Motion to present direct testimony and in narrative form and use confidential notes (Dkt. # 116) is GRANTED.

Plaintiff's Motion to exclude expert testimony of Andres Hernandez and Joyce Conley (Dkt. # 119) is DENIED, but defendants are ordered to comply with the provisions regarding these experts set forth above.

Plaintiff's Motion to exclude expert testimony of Andres Hernandez and Joyce Conley (Dkt. # 119) is DENIED, but defendants are ordered to produce the subject documents within five days of this Order.

DATED:  November 9, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge