IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01283-PSF-KLM

MARK JORDAN,

    Plaintiff,

v.

MARY H. SOSA,
ROBERT A. HOOD,
OFFICER TUCKER,
ANGELA SHENK,
J.L. NORWOOD,
W.A. SHERROD,

    Defendants.

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court pursuant to Plaintiff's Motion to Amend Final Pretrial Order [Docket No. 115, Filed October 17, 2007] ("Motion to Amend"); and Plaintiff's Motion for Sanctions Pursuant to Rule 37(b), Fed. R. Civ. P. [Docket No. 121, Filed October 29, 2007] ("Motion for Sanctions").  Defendants filed a response to the Motion to Amend [Docket No. 129] and a response to the Motion for Sanctions [Docket No. 130] on November 13, 2007.

    IT IS HEREBY **ORDERED** that the Motion to Amend is **GRANTED.**  The Court conducted a Final Pretrial Conference with the parties on September 6, 2007 [Docket No. 106].  Pursuant to that conference, the Court directed the parties to revise and resubmit the proposed Final Pretrial Order.  Defendants' counsel did so, and the Court entered the revised Order on September 17, 2007 [Docket No. 110].  Plaintiff alleges that Defendants improperly revised the proposed Final Pretrial Order when it removed exhibits 24 through 27, which had been included in the parties' initial proposed order.  Defendants acknowledge that they removed the exhibits from the proposed Final Pretrial Order, but claim they did so as a result of a misunderstanding that Plaintiff no longer sought to employ exhibits 24 through 27.  Defendants do not object to the relief Plaintiff requests.

IT IS FURTHER **ORDERED** that the Final Pretrial Order [Docket No. 110] is hereby supplemented to include exhibits 24 through 27 from the proposed Final Pretrial Order [Docket No. 105].

IT IS FURTHER **ORDERED** that the Motion for Sanctions is **DENIED**. Defendants have informed the Court that the information Plaintiff was seeking has been provided to him. Defendants' Response at 2 [Docket No. 130]. The Court accepts this certification from counsel as an officer of the Court. However, the Court notes that Defendants' production of this material was untimely, and beyond the date set by Court Order [Docket No. 106]. Although Defendants should have made a motion requesting an extension of time to provide this information to Plaintiff, the Court chooses not to sanction Defendants. First, Defendants' have provided sufficient justification for their delay. Second, Plaintiff's requested sanctions, i.e., seeking dispositive facts to be deemed as proven and prohibiting Defendants from asserting certain defenses, are extraordinary and should only be imposed when justified. *See* Fed. R. Civ. P. 37(b)(2). Plaintiff has now received the information he was seeking and does not appear to have been prejudiced by the delay. The Court does not take a failure to abide by its orders lightly, and Defendants are cautioned that a failure to comply with an order of the Court in the future may lead to sanctions.

Dated:  November 16, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix