IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01283-PSF-KLM

MARK JORDAN,

    Plaintiff,

v.

MARY H. SOSA,
ROBERT A. HOOD,
OFFICER TUCKER,
ANGELA SHENK,
J.L. NORWOOD,
W.A. SHERROD,

    Defendants.

---

## ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Second Motion to Amend Final Pretrial Order [Docket No. 137; Filed December 4, 2007] ("Second Motion to Amend"). Defendants filed a response to the Second Motion to Amend on November 13, 2007 [Docket No. 149]. The Court granted Plaintiff's first motion to amend the Final Pretrial Order on November 16, 2007 [Docket No. 131], to add exhibits which had been erroneously removed by Defendants. Plaintiff now seeks to amend the Final Pretrial Order a second time to: (1) revise certain language in Section 7(b); (2) add language amending the Court's Order [Docket No. 106] which directed Defendants to provide certain exhibits to Plaintiff's case manager for a one-time review by Plaintiff; and (3) order Defendants to provide all pages of certain publications listed as exhibits, rather than copies of certain pages.

IT IS HEREBY **ORDERED** that the Second Motion to Amend is **GRANTED in part and DENIED in part.**

To the extent that Plaintiff seeks to amend Section 7(b) of the Final Pretrial Order to revise certain language, the motion is **denied**. First, this is Plaintiff's *second* motion to amend the Final Pretrial Order. Plaintiff could have, and should have, sought revision of

Section 7(b) in his first motion to amend. The Court and the parties are inconvenienced by piecemeal litigation. Moreover, the revision Plaintiff seeks[1] has apparently been obviated by Defendants' agreement to provide Plaintiff personally with a copy of a "complete set of exhibits by December 31, 2007." Defendants' Response at 3 [Docket No. 149].

To the extent that Plaintiff asks the Court to amend its Order [Docket No. 106] to eliminate the requirement that exhibits 30-33 be produced to his case manager and not directly to Plaintiff, the motion is **denied**. Exhibits 30 through 33 contain sexually explicit material. 28 U.S.C. §530C(b)(6) bars the use of Bureau of Prisons funds to distribute such material to prisoners (the "Ensign Amendment"). Requiring production of exhibits 30 through 33 to Plaintiff, a *pro se* prisoner, would obviate the purpose of the Ensign Amendment, as Defendants point out. Defendants' Response at 2-3 [Docket No. 149]. Nevertheless, Plaintiff is entitled to review the exhibits in his case to prepare for trial, like all other litigants. By requiring production of the documents to Plaintiff's case manager for a single review with Plaintiff, the Court has fashioned a remedy which enforces Plaintiff's right to prepare for trial without providing him with unfettered access to materials specifically forbidden by the Ensign Amendment.

To the extent that Plaintiff asks the Court to order Defendants to produce all pages of exhibits 30 through 32, the publications *Divas and Lovers, Kama Sutra*, and *Juegos Sexuales*, the motion is **granted in part**. Defendants have admitted that the entirety of each publication was "rejected by BOP pursuant to the Ensign Amendment." Defendants' Response at 2 [Docket No. 149]. Defendants have apparently determined, on their own and without Court approval, that providing Plaintiff's case manager with selected pages from each publication is sufficient. The Court disagrees. Defendants must provide Plaintiff's case manager with copies of <u>all pages that have been deemed objectionable</u>, pursuant to the Final Pretrial Order [Docket No. 110, at 13].

IT IS FURTHER **ORDERED** that Defendants shall not modify the Court's Orders without explicit Court approval. Although the record is less than crystal clear, it appears

---

[1] Specifically, Plaintiff seeks to amend the language of Section 7(b) to read as it did in the parties' proposed Final Pretrial Order, wherein the parties agreed to provide each other with copies of their exhibits [Docket No. 105, at 15]. The Final Pretrial Order submitted to and entered by the Court was revised by Defendants to require Defendants to provide all exhibits to Plaintiff's case manager, not directly to Plaintiff [Docket No. 110, at 14]. Plaintiff argues this goes beyond the Court's oral Order at the Final Pretrial Conference, which only required some exhibits to be given to Plaintiff's case manager [Docket No. 106]. Plaintiff is correct. Presumably defense counsel's decision to provide Plaintiff personally with "a complete set of exhibits" does <u>not</u> include those exhibits which Defendant was ordered to provide to Plaintiff's case manager, and not directly to Plaintiff.

2

from Defendants' own pleadings that defense counsel unilaterally decided to provide Plaintiff with a "complete set of exhibits," contrary to Court Order, and that the "complete set" included only certain pages from exhibits 30-32. It is beyond the Court's imagination why defense counsel would do so, especially in a case where the content of the exhibits and Plaintiff's access to them is the critical matter in dispute and has been the subject of specific directions from the Court. As stated in my Order dated November 16, 2007 [Docket No. 131], "the Court does not take failure to abide by its orders lightly." Another transgression will result in the imposition of sanctions.

IT IS FURTHER **ORDERED** that on or before **February 15, 2008**, Plaintiff shall be provided access to exhibits 30-33 in the presence of his case manager for a total of no more than seven (7) hours, divided into increments at the discretion of the case manager, for purposes of trial preparation. As set forth in my Order dated September 6, 2007 [Docket No. 106], Plaintiff's case manager will retain possession of the materials until completion of Plaintiff's review, at which time they will be transmitted to the Court where they will be held to be used as exhibits at trial.

Dated: January 3, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix