IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05-cv-01283-EWN-KLM

MARK JORDAN,

    Plaintiff,

v.

MARY H. SOSA, ADX Florence Acting Inmate Systems Manager,
ROBERT A. HOOD, ADX Florence Warden,
(FIRST NAME UNKNOWN) TUCKER, FCI Englewood Inmate Systems Officer,
ANGELA SHENK, FCI Englewood Inmate Systems Manager,
J. L. NORWOOD, USP Victorville Warden, In their individual and official capacities, and
W. A. SHERROD, FCI Englewood Warden, In his official capacity,

    Defendants.

---

## ORDER ON MOTION FOR RELIEF

---

This matter is before me on the "Motion for Relief From Order Denying Free Transcripts," (Doc. No. 220), filed by Plaintiff. Plaintiff challenges my September 12, 2008, in which I denied his request for a free transcript.

The Federal Rules of Civil Procedure do not provide for motions to reconsider. In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment or order under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Plaintiff's motion was filed within ten days after the order in question

was entered on September 12, 2008. Accordingly, I construe the motion as asserted pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion for Relief and the entire file, I find that Mr. Jordan fails to demonstrate some reason why I should reconsider and vacate the order denying him a free transcript on appeal. For the following reasons, the decision to deny the request for a free transcript was not an abuse of discretion and was in keeping with the intent of 28 U.S.C. § 753(f).

First, Plaintiff contends that although he filed a motion to proceed without prepayment of fees on appeal, on September 9, 2008, he did not request at that time that transcripts be provided at the government's expense. Upon review of the Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 that Mr. Jordan filed with the Court on September 9, 2008, I find that in lines two and three on Page One of the Motion the text reads as follows: "I also request that the United States pay for a transcript of the record of proceedings, if any, for inclusion in the record on appeal." Contrary to Plaintiff's assertions, he did request that I consider a request for a free transcript.

Second, Plaintiff's argument that a district court may not determine if a substantial question exists until the issues are delineated on appeal is without merit. "[Section] 753(f) was not intended to require free transcripts for all civil litigants proceeding in forma pauperis who argue a sufficiency of the evidence issue or factual

2

issues on appeal. Plainly, therefore, [the Court] must proceed upon what the motion papers contain." *Evans v, City of Tulsa*, 951 F.2d 1258, *2 (10th Cir. (Okla.) Jan. 7, 1992) (table opinion) (internal quotations omitted) (citing *Jaffe v. United States*, 246 F.2d 760, 762 (2d Cir. 1957)). Mr. Jordan states the issues he intends to raise on appeal in the Motion he filed on September 9, 2008. The issues include error by the Court, exclusion of Plaintiff's evidence at trial, and "applying the law." (Doc. No. 209 at 1.) Based on the issues identified by Plaintiff in the September 9, 2008, Motion, I was justified in finding no substantial question and denying Plaintiff's request for a free transcript.

As for the claims that Mr. Jordan now raises in the Motion for Relief, I find he is attempting to assert a substantial question based on the following: (1) An alleged "intra-district split on whether or not the First Amendment requires the government to regulate all aspects of a problem before it can make progress on any front; (2) an argument of the rational connection between the regulation and the legitimate government interest in denying inmates access to sexually explicit commercial publications; (3) the propriety of this Court to permit Defendants to withdraw stipulated facts after the close of evidence; and (4) an anticipated substantial question to be raised in Defendants' appeal. Mr. Jordan further asserts that a copy of the transcript is required because a First Amendment violation is at issue, and the U.S. Court of Appeals for the Tenth Circuit (Tenth Circuit) is required to conduct an independent review of the record pursuant to *Ward v. Utah*, 398 F.3d 1239 (10th Cir. 2005), when addressing a First Amendment issue.

A substantial question has been found to mean a significant issue that is unique or unusual or reasonably debatable.  *See Evans*, 951 F.3d at *3 (citing *Armstrong v. Ashbury,* 57 F.R.D. 139, 140 (W. D. Pa. 1972); *see also Handley v. Union Carbide Corp.,* 622 F.Supp. 1065, 1067 (S. D. W. Va. 1985) (reasonably debatable), *aff'd on other grounds,* 804 F.2d 265 (4th Cir. 1986); *Linden v. Harper & Row, Inc.,* 467 F. Supp. 556, 558 (S. D. N.Y. 1979) (reasonably debatable); *Ortiz v. Greyhound Corp.,* 192 F. Supp. 903, 905 (D. Md. 1959)).

Mr. Jordan's claim of an alleged intra-district split does not set forth a claim that presents a substantial question.  In the two-day trial before the Court, I addressed the constitutionality of the Ensign Amendment, an amendment incorporated under 28 U.S.C. § 530C(b)(6) that restricts the distribution of commercially published information to inmates, which in this case is material that is sexually explicit or features nudity.  The amendment was subjected to a review under the *Turner v. Safley*, 482 U.S. 78 (1987), standard.  The withholding of sexually oriented materials by prison staff from inmates is neither a unique nor an unusual issue.  To the extent, however, that Mr. Jordan challenges the testimony of Defendants' expert, Dr. Andres Hernandez, and argues that there is not a valid rational connection between the regulation and the legitimate government interest put forth to justify denial of the sexually explicit commercial publications, the issue may be reasonably debatable.  Although I find doubt in the merits of Mr. Jordan's claims, I find providing a transcript of Mr. Hernandez's testimony to be in keeping with § 753(f).  Even though Mr. Jordan failed to present this issue in his

4

Motion requesting a free transcript, I will direct the court reporter to provide a copy of Mr. Hernandez's testimony to the Tenth Circuit.

As for determining whether a reliance on *Mainstream Marketing Services, Inc. v. F.T.C.*, 358 F.3d 1228 (10th Cir. 2004), is a break from other district court decisions and Tenth Circuit decisions in *Mann v. Reynolds*, 46 F.3d 1055 (10th Cir. 1995), and *Jacklovich v. Simmons*, 392 F.3d 420 (10th Cir. 2004), Mr. Jordan fails to assert why a provision of a transcript is required for proper appellate review of the issue. Mr. Jordan also fails to assert why a transcript is required for proper appellate review of his claim that an error was committed when Defendants were allowed to withdraw stipulated facts after the close of evidence.

Furthermore, to the extent that the Tenth Circuit under *Ward* is required to conduct an independent review of the record in the appeal of the instant case, the decision as to whether a transcript is necessary is one to be made by the Tenth Circuit. Moreover, Plaintiff's claim that Defendants' own appeal will raise a substantial question is no more than an assumption. Nothing in Defendants' Notice of Appeal sets forth a significant issue that is unique or unusual or reasonably debatable. Section 753(f) does not suggest that a free transcript is available to a party proceeding *in forma pauperis* based on issues raised by an opposing party. Accordingly, it is

ORDERED that the Motion for Relief, (Doc. No. 220), filed on September 26, 2008, is denied. It is

FURTHER ORDERED that the Court Reporter shall prepare for inclusion in the record on appeal an original and one copy of Mr. Hernandez's testimony. The transcript fee shall be paid by the United States.

DATED at Denver, Colorado, this 6th day of October, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge